UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RIMMA GAVALIAN, | ) No. CV 08-05974-VBK |
|   Plaintiff, | ) |
|   | ) MEMORANDUM OPINION |
|   v. | ) AND ORDER |
|   | ) |
| MICHAEL J. ASTRUE, | ) (Social Security Case) |
| Commissioner of Social Security, | ) |
|   | ) |
|   Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issue:

1. Whether the Appeals Council erred in failing to remand in

light of new material evidence submitted to it.

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE APPEALS COUNCIL DID NOT ERR IN ITS CONSIDERATION**

**OF THE ADDITIONAL EVIDENCE**

Plaintiff filed a claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, alleging disability based on, "asthma, breathing problems & cough, arthritis, bones pain, legs pain, numbness in my hands; nervous condition." (AR 92.) In an Exertional Daily Activities Questionnaire, Plaintiff asserted that she has terrible and severe headaches accompanied by vomiting and blurred vision, dizziness and numbness of fingers and toes. Further, she asserted that when she stands too long her knees give out and her feet and legs get shaky. (AR 88.)

The record contains medical information from Plaintiff's treating facility, All For Health, Health For All, for the period March 30, 2007 through November 14, 2007. (AR 106-204.) These records indicate that Plaintiff sometimes complained of discomfort in her neck and back, with back pain across her mid-back, radiating to her anterior chest on the left side. (See, e.g., AR 122, Report of May 10, 2007 office visit.) On that date, a musculoskeletal examination indicated that Plaintiff had mild pain with motion. (AR 123.) On April 16, 2007, Plaintiff complained to her treating facility that she had back pain with acute exacerbation. (AR 125.) At that time, she received a musculoskeletal examination which revealed normal musculature, no

skeletal tenderness or joint deformity. (AR 126.)

A March 30, 2007 office visit reflects complaints of back pain. A musculoskeletal examination on that date indicated tenderness and weakness with mild pain upon motion in the cervical spine, tenderness in the lumbar spine with moderate pain upon motion; left shoulder tenderness with moderate pain on motion; left elbow tenderness with mildly reduced range of motion; foot pain in her right foot, burning sensations in the foot; left foot with pain, and a burning sensation in the feet. (AR 127.)

Plaintiff's treating physician, Dr. Janoian, completed a Physical Residual Functional Capacity Questionnaire dated October 3, 2007, in which he described persistent pain in the lower back and knees, and numbness in the hands making it difficult for Plaintiff to hold or lift objects. (AR 138.) Dr. Janoian indicated moderate limitations in repetitive reaching, handling or fingering, and moderate limitations due to pain and numbness in the upper extremities. (AR 140.) Plaintiff received a prescription of Motrin and Benedril for low back pain. (AR 143.)

Plaintiff received a complete internal medicine consultative examination ("CE") at the request of the Department of Social Services on April 3, 2007 from Dr. Saeid. (AR 171-175.) Plaintiff complained of back and chest pain, and numbness and pain in her legs and arms, in addition to chronic headache. (AR 171.) Upon examination, Dr. Saeid indicated his neck examination revealed some tenderness, but the neck was supple, and there was a normal range of motion. He found some tenderness in her midline and paraspinal back area of the mid to lower lumbar region, but the straight leg raising test was negative, both sitting and supine, and the range of motion of the back was within

normal limits. (AR 174.)  With regard to the upper extremities, the shoulders, elbows, wrists and hands indicated a normal range of motion, and there was no evidence of tenderness to palpation of the wrists. (AR 174.)  Upon examination, the lower extremities also revealed a normal range of motion. (Id.)  Dr. Saeid concluded after his examination that Plaintiff is capable of carrying 50 pounds occasionally and 25 pounds frequently, can stand and walk for six hours in eight-hour day, and can sit for six hours in an eight-hour day. (AR 175.)

At the hearing before the ALJ, testimony was taken from Dr. Maxwell, a medical expert ("ME"), regarding Plaintiff's physical issues.  He described her complaints of back pain, joint pain, headache and dizziness.  He testified there was no underlying pathology which explains her complaints of bodily pain and dizziness. (AR 305.)

In his decision, the ALJ found severe impairments in combination which consisted of hypertension, obesity, allergic rhinitis, a history of asthma, depressive disorder, NOS, and anxiety disorder, NOS. (AR 20.)  The ALJ found that although Plaintiff complained of back pain, joint pain and dizziness there was no objective evidence to support these allegations; rather, he considered them to be symptoms. (AR 20.) In evaluating Plaintiff's subjective pain, the ALJ found some lack of credibility because Plaintiff's activities of daily living ("ADL") were inconsistent with the alleged degree of pain and impairment. (AR 26.)

Plaintiff's counsel (the same law firm which presently represents her in this action) submitted additional documentation to the Appeals Council, only two pages of which are relevant to this case.  The first

4

is a January 18, 2008 report of a left shoulder x-ray examination, which found calcific tendinitis at the critical zone of the insertion of the supraspinatus tendon, and mild degenerative changes of the acromioclavicular joint. (AR 286.) On the same date, a cervical spine x-ray indicated no fracture, but degenerative cervical spondylosis and osteoarthritic changes were noted. (AR 287.)

The Appeals Council reviewed this additional evidence[1] (AR 6), and determined there was no reason to change the decision of the ALJ. (AR 3-5.) Plaintiff asserts that this is error, but the Court has some difficulty in determining exactly what Plaintiff claims. At times, her counsel contends that these x-ray reports support her "complaints of upper extremity limitations" (JS at 5), but at other times, Plaintiff seems to assert that the x-ray reports provide evidence corroborating Plaintiff's "complaints of joint pain" (JS at 9). The Court will address both contentions.

The first of the two issues concerns functional limitations. The CE found no limitations in range of motion in Plaintiff's upper or lower extremities, or her neck. Similarly, Plaintiff's treating physicians never documented any functional limitations during numerous examinations. As the Commissioner contends, and the Court agrees, while the x-rays showed some degenerative changes in Plaintiff's neck and left shoulder, they failed to establish any evidence of functional limitations. Citing Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1477 (9th Cir. 1989), the Commissioner correctly notes that a diagnosis of an impairment does not establish a disability. Nor does it establish a functional limitation. Functional limitations

---

[1] Other documents submitted by Plaintiff's counsel to the Appeals Council (see AR 205-285) are not material to this case.

1  are established by objective testing.  Thus, even if the ALJ had in
2  his possession these x-rays, there is no basis upon which to conclude
3  that he would come to any different findings with regard to
4  Plaintiff's functional limitations.
5       Addressing the next issue, that of subjective pain, the Court
6  fails to see any reason why these x-ray reports would change the ALJ's
7  conclusion with regard to Plaintiff's pain complaints.  Plaintiff
8  makes no complaint about the fact that the ALJ considered the extent
9  of Plaintiff's ADL's with regard to her alleged degree of pain.  The
10 ALJ found that Plaintiff's ADL's are inconsistent with the degree of
11 pain asserted by Plaintiff.  The x-rays would not have changed that
12 conclusion, or the basis for it.  Moreover, even if it could be said
13 that the x-ray reports substantiate that Plaintiff has some pain, this
14 fails to equate with a finding of disability.  As the Ninth Circuit
15 has held, this proposition "holds true even where the claimant
16 introduces medical evidence that he has an ailment reasonably expected
17 to produce _some_ pain; many medical conditions produce pain not severe
18 enough to preclude gainful employment." (Fair v. Bowen, 885 F.2d 597,
19 603 (9th Cir. 1989)(emphasis in original).)  Thus, the x-rays add
20 nothing to the disability evaluation, since even if they would tend to
21 provide some substantiation for Plaintiff's pain complaints, they do
22 not and would not impact the credibility factors relied upon by the
23 ALJ in determining the credibility issue, which Plaintiff has, in any
24 event, not contested.  Thus, the Court finds no error with regard to
25 the impact of the x-ray reports upon the analysis of Plaintiff's pain,
26 and its impact upon the non-disability finding.
27 //
28 //

1 For the foregoing reasons, the Court finds no error in the decision of the Appeals Council, and affirms the decision of the Commissioner. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: May 1, 2009              /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE